RECEIVED
IN LAKE CHARLES, LA.

JUN -7 2013

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| ANN NUNEZ AND KEITH NUNEZ | : | DOCKET NO. 2:12-CV-630-PM-KK |
| versus | : | JUDGE MINALDI |
| DOLGENCORP, LLC, D/B/A DOLLAR GENERAL CORPORATION | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the court is a Motion to Quash Plaintiffs' Subpoena to Produce Exemplar U-Boat Merchandise Cart at Trial [Doc. 50], filed by the defendant, Dolgencorp, LLC ("Dolgencorp"). Dolgencorp has also filed a companion Motion for Expedited Consideration of this motion [Doc. 51]. The plaintiffs, Ann and Keith Nunez, oppose the Motion to Quash [Doc. 52].

This case arises from the plaintiff, Ann Nunez's, trip and fall accident at Dolgencorp's Dollar General Store in Grand Lake, Louisiana on March 5, 2011.[1] As Ms. Nunez passed through the entrance/exit aisle of the store, she tripped on the base of a wooden clothing rack which extended into the aisle, causing her various injuries.[2]

On June 4, 2013, the plaintiffs served Dolgencorp with a subpoena to produce an "Exemplar U-boat merchandise cart" at trial.[3] From the parties' briefing in this motion and other motions, a U-boat merchandise cart appears to be a storage cart for merchandise that was used at

---

[1] Pls.' Compl., [Doc. 1-1] at ¶ 2.

[2] *Id.*

[3] U-Boat Merchandise cart Subpoena, Ex. A to Def.'s Mot. to Quash, [Doc. 50-2].

the Dollar General store at issue in this case. Dolgencorp moves to have this subpoena quashed because of its late issuance, and because evidence of U-boat merchandise carts is irrelevant to the plaintiffs' case. The plaintiffs counter that the subpoena should issue because the U-boat will be used as a demonstrative exhibit to show safer alternatives to the wooden clothing rack on which Ms. Nunez tripped. They also argue that it would not be unduly burdensome for Dolgencorp to locate a U-boat and deliver it to the plaintiffs before trial.

Under Federal Rule of Civil Procedure 45(c)(3), a court may, "on timely motion . . . quash or modify a subpoena that: (i) fails to allow a reasonable time to comply . . . (iv) subjects a person to undue burden." Dolgencorp argues that this subpoena fails to allow it a reasonable time to comply, because the subpoena was issued on June 4th, and trial is set for June 10th. It also argues that the subpoena subjects it to an undue burden, because it would require Dolgencorp to "track down an available U-boat," with the situation further complicated by the fact that "the subpoena does not reference" what type of U-boat the plaintiffs seek.

The undersigned agrees with Dolgencorp's arguments. The plaintiffs have had months to request a U-boat through the normal discovery channels. Further, while the undersigned notes that the plaintiffs wish to show other, potentially safer merchandise display options than the wooding clothing rack on which Ms. Nunez tripped, this is just as easily accomplished by showing the jury photos that the plaintiffs already have of the store, which include depictions of U-boats. In a previous Motion in Limine ruling, the undersigned decided that these photos would be admissible at trial. Accordingly,

    **IT IS ORDERED** that the Motion to Quash is **GRANTED**;

    **IT IS FURTHER ORDERED** that the Motion for Expedited Consideration is **DENIED** as **MOOT**.

Lake Charles, Louisiana, this \_\_7\_\_ day of \_\_\_\_June\_\_\_\_ 2013.

_____
PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE